IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:09-CV-74-BO

PATRICIA RAINEY, )
)
Plaintiff, )
)
v. ) O R D E R
)
MICHAEL J. ASTRUE, Commissioner )
of Social Security )
)
Defendant. )
_____ )

This matter is before the Court on the parties' Cross-Motions for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons stated below, Plaintiff's Motion is GRANTED; Defendant's Motion is DENIED; and the decision of the Commissioner is REVERSED and REMANDED for an award of benefits.

## INTRODUCTION

Plaintiff Patricia Rainey applied for Disability Insurance Benefits on February 17, 2006, alleging an onset date of December 1, 2005. The application was denied initially and on reconsideration. Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ"). Judge Francis F. Talbot heard the case on April 18, 2008, and denied benefits on May 28, 2008. A final denial of Plaintiff's request for review was made on March 6, 2009.

Plaintiff filed a complaint with this Court on May 5, 2009. The parties have each moved for judgment on the pleadings. A hearing on the cross-motions was held in Elizabeth City, North

Carolina, on April 21, 2010. The motions are now ripe for ruling

## DISCUSSION

The ALJ's decision is REVERSED and REMANDED for an award of benefits because substantial evidence does not support the ALJ's conclusion that Plaintiff can perform jobs that exist in significant numbers in the national economy. Pursuant to the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the Commissioner's decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. Substantial evidence consists of more than a mere scintilla of evidence, but may be less than a preponderance of evidence. *Richardson v. Perales,* 402 U.S. 389, 401 (1971).

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be engaged in substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment, which significantly limits his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, in the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work. *Id.* Fifth, if a claimant cannot do past relevant work, he or she is disabled if an impairment prevents the claimant from doing other work. *Id.*

At step one, the ALJ found that Plaintiff had not engaged in any substantial gainful activity since her alleged onset date. At step two, the ALJ found that Plaintiff suffers from a severe anxiety disorder with panic attacks and back pain. At step three, the ALJ found that

-2-

Plaintiff's impairments do not meet or medically equal an impairment listed by the regulations. At step four, the ALJ concluded that Plaintiff could not perform past relevant work. At step five, the ALJ determined that Plaintiff could perform jobs that exist in significant numbers in the national economy. Thus, the ALJ thus concluded that Plaintiff is not disabled.

Substantial evidence does not support the ALJ's finding at step five. The ALJ found that Plaintiff had residual functional capacity ("RFC") for sitting, standing, and walking six hours each in an eight-hour day, occasionally lifting 20 pounds, frequently lifting 10 pounds, with limitations to unskilled, low stress work, no more than occasional contact with the public or with co-workers, and no work in a team environment. A vocational expert ("VE") testified at the hearing that a hypothetical person with education and limitations similar to Plaintiff could perform jobs that exist in significant numbers in the economy. On the basis of this RFC finding and VE testimony, the ALJ found Plaintiff not disabled at step five.

The ALJ erred in assessing Plaintiff's non-exertional limitations. In addition to Plaintiff's physical limitations, Plaintiff suffers from both bipolar disorder and an anxiety disorder resulting in panic attacks. The ALJ found that Plaintiff suffers from a medical condition that could reasonably be expected to produce her alleged symptoms, but the ALJ also found that Plaintiff was less restricted than alleged. The ALJ first notes that Plaintiff's daily activities as found in the record of Plaintiff's treatment and Plaintiff's testimony were "not inconsistent with a residual functional capacity for light work with the previously noted limitations." But "an individual does not have to be totally helpless or bedridden in order to be found disabled under the Social Security Act." *Totten v. Califano* 624 F.2d 10 (4th Cir. 1980). As Social Security Ruling 85-15 notes: "Individuals with mental disorders often adopt a highly restricted and/or

inflexible lifestyle within which they appear to function well ..." Here, the record indicates that Plaintiff engaged in housework at her own pace with periods when no work was performed and that Plaintiff's social interactions were very limited. *See Batts v. Sullivan*, 818 F.Supp. 138, 140 (E.D.N.C. 1993).

The restrictions of occasional interaction with co-workers and low stress work in the RFC do not sufficiently account for Plaintiff's impairments. Dr. Constance Olatidoye examined Plaintiff and noted that Plaintiff "seems not to be able to tolerate the stress and pressures associated with day-to-day work activity given her deterioration in her ability to function in her day-to-day activities with the stresses that she is faced with currently." The ALJ gave "greater weight" to Dr. Olatidoye's conclusions. But Dr. Olatidoye's finding do not indicate that Plaintiff merely needs a low stress job. Rather, these findings indicate that Plaintiff is unable to work. The ALJ also relies on the report of DDS consultative examiner Dr. Frances Breslin. But unlike Dr. Olatidoye, Dr. Breslin reached his conclusions without examining Plaintiff. And Dr. Breslin's findings are not wholly inconsistent with Dr. Olatidoye's. Although Dr. Breslin concludes that Plaintiff could perform simple, routine, repetitive tasks, Dr. Breslin also notes that Plaintiff suffers from moderate restrictions of activities of daily living, difficulties in maintaining social functioning, and difficulties in maintaining concentration, persistence, or pace and that Plaintiff was capable of only infrequent, casual contact with co-workers and should avoid interaction with the public. In sum, the ALJ's description of Plaintiff's non-exertional limitations in Plaintiff's RFC was not supported by substantial evidence.

Because the ALJ's assessment of Plaintiff's RFC was in error, the ALJ erred in determining that Plaintiff was not disabled based on the VE's testimony that a hypothetical

-4-

Case 7:09-cv-00074-BO    Document 49    Filed 06/11/10    Page 4 of 5

person with Plaintiff's RFC could perform jobs in the economy. Because the ALJ's RFC determination did not adequately account for Plaintiff's bi-polar or anxiety disorders, the ALJ would have more properly relied on the VE's testimony that a hypothetical person with either Plaintiff's alleged impairments or with Plaintiff's RFC and panic attacks or the need to rest during the day would be unable to work. Thus, the ALJ's finding that Plaintiff was not disabled at step five was not supported by substantial evidence.

## CONCLUSION

For the reasons discussed above, Plaintiff's Motion for Judgment on the Pleadings is GRANTED; Defendant's Motion for Judgment on the Pleadings is DENIED; and the decision of the Commissioner is REVERSED. The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one which "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F. Supp. 230, 237 (E.D.N.C. 1987). Accordingly, this case is REMANDED for an award of benefits.

SO ORDERED, this __9__ day of June, 2010.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

-5-

Case 7:09-cv-00074-BO   Document 49   Filed 06/11/10   Page 5 of 5